·AGIN ET AL., APPELLANTS, *v.* PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as Agin v. Pub. Util. Comm., 12 Ohio St. 2d 97.]

(No. 40967—Decided December 27, 1967.)

*Messrs. Woodle & Wachtel* and *Mr. Edwin F. Woodle,* for appellants.

*Mr. William B. Saxbe,* attorney general, and *Mr. J. Philip Redick,* for appellee the Public Utilities Commission of Ohio.

*Messrs. Jones, Day, Cockley & Reavis, Mr. Walter J. Milde, Mr. James E. Courtney* and *Mr. Thomas G. Roderick,* for appellee The East Ohio Gas Company.

*Per Curiam.* There is some similarity between parts of some of the grounds stated in appellants' application for rehearing before the commission and parts of some of the statements of law in appellants' brief on appeal in this court. Such a casual similarity does not, however, meet the requirements of Section 4903.10, Revised Code, which, in pertinent part, provides:

"Such application shall be in writing and shall *set forth specifically* the ground or grounds on which the applicant considers said order to be unreasonable or unlawful. No party shall in any court urge or rely on any ground for reversal, vacation, or modification not *so set forth* in said application." (Emphasis added.)

In construing Section 543, General Code, predecessor of Section 4903.10, Revised Code, the court said:

"On an appeal from an order of the Public Utilities Com-

mission, the Supreme Court cannot consider any matter which was *not specifically set forth* in an application to the commission for a rehearing as a ground on which the appellant considered the order of the commission to be unreasonable or unlawful. * * *'' (Emphasis added.) *Cincinnati* v. *Public Utilities Commission* (1949), 151 Ohio St. 353, paragraph 17 of the syllabus; *Marion* v. *Public Utilities Commission* (1954), 161 Ohio St. 276, 279.

In the *Cincinnati case,* the court, at page 378, said:

''* * * It may fairly be said that, by the language which it used, the General Assembly indicated clearly its intention to deny the right to raise a question on appeal where the appellant's application for rehearing used a shotgun instead of a rifle to hit that question.''

Where, as here, it is necessary to examine minutely an appellant's complaint before the commission, the order of the commission, appellant's application for rehearing, his notice of appeal and his brief in this court merely to discover what questions he is raising on appeal which were also presented to and decided by the commission on the application for rehearing, appellant has failed to comply with the provisions of Section 4903.10, Revised Code.

The appeal is, therefore, dismissed for failure to set forth specifically the ground or grounds of appeal which were rejected by the commission when it denied the application for rehearing.

*Appeal dismissed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.