City of Struthers, Appellant, *v.* Public Utilities Commission of Ohio et al., Appellees.

(No. 69-715—Decided July 8, 1970.)

2

*Mr. Theodore T. Macejko*, city solicitor, for appellant.
*Mr. Donald A. Brinkworth*, for appellee Penn Central Transportation Company.
*Mr. Paul W. Brown*, attorney general, *Mr. Sheldon A. Taft*, *Mr. Gerald P. Wadkowski* and *Mr. Donald E. Ely*, for appellee Public Utilities Commission.

*Per Curiam.* Appellee Public Utilities Commission urges that the city's application for rehearing, filed with

the commission, was not in conformity with the mandatory requirements of R. C. 4903.10 that "such application shall be in writing and shall set forth specifically the ground or grounds on which the applicant considers said order to be unreasonable or unlawful." Because of such failure, the commission claims a want of jurisdiction by this court.

The city's application for rehearing sets forth, in essence, the following grounds for rehearing: (1) The order of the commission is arbitrary and not supported in fact; (2) the evidence shows that blockage of the street is the result of improper operation by the railroad company; (3) the order of the commission is contrary to the weight of the evidence; and (4) for other errors apparent in the record. We find that grounds 1, 3 and 4 are far too general to comply with R. C. 4903.10. *Cincinnati* v. *Pub-Util. Comm.*, 151 Ohio St. 353, paragraph 18 of the syllabus; *Marion* v. *Pub. Util. Comm.*, 161 Ohio St. 276, 278; *Agin* v. *Pub. Util. Comm.*, 12 Ohio St. 2d 97. As to ground No. 2, the assertion that the evidence shows that blocking of the street was the result of Penn Central's improper operation *does* comply with the requirement of R. C. 4903.-10, and does not initially raise the question in this court.

Our review is limited to a determination of whether the commission's order was unreasonable or unlawful, as reflected by the evidence in the record. R. C. 4903.13.[3] While we commiserate with those citizens of the city of Struthers in the distress caused by the blocking of the crossing, we find no evidence in the record that the commission's order does not meet the legal standard. On the only question properly raised in the application for rehearing, and which is now before this court, we find *no* evidence that the blockage of the crossing resulted from the improper operation of equipment and trains by Penn Central.

---

[3]R. C. 4903.13 provides in pertinent part:

"A final order made by the Public Utilities Commission shall be reversed, vacated, or modified by the Supreme Court on appeal, if, upon consideration of the record, such court is of the opinion that such order was unlawful or unreasonable."

Latent in appellant's contention is the proposition that R. C. 4907.08[3] and 4907.52[4] impose an affirmative duty upon the commission, both to investigate and thereafter to order measures into effect to relieve the congestion at a railroad crossing near the crossing complained about, especially when the operation of other railroads contributes to the congestion. The argument is that the commission can alleviate the congestion by rearranging rights of way and priorities between the intersecting railway lines. The only evidence to support that argument is the testimony of a witness, Ray, who commented, concerning the possibility of the commission ordering operating priorities between rairoads, "anything is possible."

Since this ground was not set forth in the application for rehearing filed with the commission, it cannot be raised initially in this court. R. C. 4903.10.

Additionally, appellant urges this court to order the commission to exert power that it simply does not possess.

---

[3] R. C. 4907.08 provides, as follows:

"The Public Utilities Commission shall inquire into any neglect or violation of the laws of this state by a railroad doing business in this state * * *. The commission shall enforce Chapters 4901, 4903, 4905, 4907, 4909, 4921, 4923, and 4925 * * * as well as all other laws relating to railroads, and report violations thereof to the Attorney General.

"If * * * the commission has reason to believe that a railroad * * * has violated or is violating any law of this state, or if it has reason to believe that differences have arisen between citizens of the state and any railroad operating as a common carrier within this state, it shall examine into the matter."

[4] R. C. 4907.52 provides, in pertinent part:

"When two railroads * * * and a street or highway cross at grade, if, in the opinion of the Public Utilities Commission, public safety requires protection, the commission, upon its own motion or upon complaint, after notice to the railroads interested and full investigation, may make an order requiring the railroads so intersecting and crossing to install such devices as in the opinion of the commission will properly protect such crossing.

"The commission may make any other orders regulating the speed and running of trains or of cars and the switching of cars over such crossing or street * * *."

Under R. C. 4907.08, upon complaint "that a railroad * * * has violated or is violating any law of this state, or if it has reason to believe that differences have arisen between citizens of the state and any railroad operating as a common carrier * * *, it shall examine into the matter" and "report violations thereof to the Attorney General." See footnote 3. Appellant's complaint has been heard and the matter examined. The record shows that Penn Central has been criminally prosecuted under R. C. 5589.21. Such action obviously remains available as a sanction for a railroad company convicted of obstructing a public street.

R. C. 4907.52 does not furnish the commission power for action in a situation involving the blocking of a street; it only lodges power to require intersecting railways to install devices to properly protect the crossing.

There being no basis for finding the order of the Public Utilities Commission to be unreasonable or unlawful, the order is affirmed.

*Order affirmed.*

O'NEILL, C. J., LEACH, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.