THE STATE OF OHIO *v.* RICHMOND, D. B. A. RICHMOND
CONTRACTING CO.[1]
THE STATE OF OHIO *v.* ACME SCRAP IRON & METAL
CORPORATION.[1]

(Nos. 13102 and 13103[2]—Decided July 20, 1973.)

Ashtabula Municipal Court.

*Mr. William J. Brown,* attorney general, *Mr. Bruce E. Cryder* and *Mr. George W. Pring,* for plaintiffs.

*Mr. C. M. Diamond, Mr. Gary Coxon* and *Mr. Ben M. Dreger,* for defendants.

OLSEN, J. An affidavit was filed by the Attorney General of Ohio alleging the defendant had violated the air pollution control regulation AP-3-08, contrary to R. C. 3704.05 (G). The defendant has filed a motion to quash the affidavit.

Regulation AP-3-08 provides:

"(A) No person shall cause or allow open burning, except as provided in Section (B) and (D) of this regulation."

R. C. 3704.05 (G) provides:

"(G) No person shall violate Chapter 3704. of the Revised Code, or any order, regulation, or determination of the Director thereunder."

---

[1] An appeal has been taken in this case.

[2] This opinion was rendered in two cases (Nos. 13102, 13103) and is identical in both cases.

In November 1967, an act became effective establishing an Air Pollution Control Board, under the Department of Health. Subsequently, Title 37 of the Revised Code was amended to delete the control board and the position of Director of Environmental Protection was established as an independent agency of the state government, effective October 23, 1972.

R. C. 3704.03 provides that the Director of Environmental Protection *may* adopt regulations and if he does adopt regulations, then he should consider three or four matters. (R. C. 3704.03(D) (1)-(4) and 3704.03(E) (1)-(3).) The Director has never held any hearings to consider the items before adopting the regulations because the regulations were adopted earlier by the Air Pollution Control Board.

It is a most basic concept of our form of government that laws be enacted in compliance with the Constitution. For a democracy to continue to exist, the people must have a government of law—not men. This principle is so fundamentally important that "Government of Law—Not Men" was the theme for one Law Day U. S. A. observance.

Chapter 3704. of the Revised Code imposes on the people of this sovereign state a government by one man— the Director of Environmental Protection. The Director "may" adopt regulations and violation of his regulations brings a fine of $10,000. The Legislature has placed the sole discretion of environmental protection into the authority of one man, for he may choose to act or not to act by reason of the permissiveness given by the use of the word "may."

The Constitution of this state provides in Section 1 of Article II, that the legislative power of the state shall be vested in a General Assembly. As far back as 1852, the Supreme Court of Ohio in *Cincinnati, Wilmington & Zanesville Rd. Co.* v. *Commrs. of Clinton County*, 1 Ohio St. 77, has held that the power of the General Assembly to pass laws cannot be delegated by them to any other body. As the court said at page 88: " * * * The true distinction, therefore, is, between the delegation of power to make the law, which necessarily involves a discretion as to what it

shall be, and conferring an authority or discretion as to its execution, to be exercised under and in pursuance of the law.''

The conclusion appears inescapable that the Legislature, by use of the word "may," which is a permissive, discretionary word, and not a mandatory word, has delegated the discretion to make the law to one man, the Director.

''* * * It should need no citation of authority, in this state at least, to demonstrate that boards and commissions have no law making power and that under our Constitution, no such powers may be delegated.'' *State, ex rel. Foster,* v. *Evatt* (1944), 144 Ohio St. 65, 101, 56 N. E. 2d 265.

In R. C. 3704.03(D) and 3704.03(E), the act sets forth certain factors on which the Director, if he desires to adopt rules or regulations, shall hear and give consideration to evidence relating to such factors.

These factors to be considered are: injury to human, animal and plant life; conditions resulting from compliance with the regulations; quality and characteristics of air contaminants; and geographic conditions affecting air. These factors do not establish standards to guide the Director in making regulations. These matters shall be considered, but they do not establish standards within which the Director may adopt rules. It was not and is not, impracticable for the Legislature to have established standards to guide the Director. The federal government has established standards which Ohio must meet to be eligible to receive funds, and another example is found in the Air Pollution Code enacted in 1967 by the Council of the city of Akron, as Chapter 755 of its ordinances.

Regulation AP-3-08 prohibits open burning. The regulation does not require that there be intent to violate this regulation. Thus, every fire occurring in this state, even though accidental, is a violation of this regulation. Every cigarette, cigar or pipe smoked, every candle lit, is "open burning" and in violation of this regulation. But no enforcement of this regulation can take place except at the sole request of the Director. R. C. 3704.06 provides that: "The Attorney General, upon the request of the Di-

rector of Environmental Protection, shall prosecute any person who violates Section 3704.05 of the Revised Code." Even the Attorney General who is to try the law suit has no discretion about prosecution, only the director. This mandatory requirement that the Attorney General shall prosecute is in direct conflict with DR 7-103(A) of the Code of Professional Responsibility which provides that a government attorney shall not institute criminal charges when he knows they are not proper. (23 Ohio St. 2d 1, at page 47. C. P. R.)

Regulation AP-3-08, also provides that the Director may give a permit to violate the open-burning regulation. Again, the sole discretion lies with the Director. Is this government by law?

So far, this community has seen a religious ceremony, the Twelfth-Night Observance, cancelled by the discretion of the Director; a township park board unable to open a public beach until the state representative interceded because of the discretion of the Director, and the cut-off of a broken major water main delayed by action of the Director's employee. The Director's discretion has thus affected our religious freedom, a governmental unit and the health and safety of a large portion of the population of the city of Ashtabula.

Alvin Toffler, writing *Future Shock*, at page 136, states: "In Administrative structure, just as in architectural structure, we are moving from long-enduring to temporary forms, from permanence to transcience. We are moving from bureaucracy to Ad-hocracy."

*In re Steube* (1944), 91 Ohio St. 135, 140, 110 N. E. 250, held that in the exercise of the police power, the Legislature cannot make unreasonable provisions for protecting the public morals, safety and health. An act of the Legislature which permits a regulation to be adopted which creates a crime for every match struck, every lighter lit, every fire accidentally started, which makes it a crime for every householder who has a fire which destroys his house, under the guise of the police power delegated to the Director, must be construed to be unreasonable.

Section 26, Article II of the Ohio Constitution pro-

vides: "All laws, of a general nature, shall have a uniform operation throughout the state * * *."

R. C. 3704.03(D) provides the Director may adopt standards "for the state as a whole or *for various areas of the state.*" (Emphasis added.) Likewise, the same language is found in R. C. 3704.03 (E). The court is of the opinion that such language as emphasized above is not of a uniform operation throughout the state.

Some will be heard to say that the control of air pollution is so necessary that our basic concept of constitutional law must be overlooked because of the pollution danger. Such danger does not appear to be the accepted scientific fact. "The available evidence indicates that there has been a general decline in sulfur dioxide pollution during the past 30 or 40 years." Professor Mathew A. Crenson, Johns Hopkins University, New York Times, April 20, 1971, at page 43. More pollution is caused by natural actions than by all of mankind's activities in recorded history. Dr. William T. Pecora, Director, U. S. Geological Survey, in the August 17, 1970 issue of Industry Week. See, also, The Disaster Lobby, Grayson and Shepard, April, 1973.

This court believes that government by law—not men is essential and vital to the continuance of our democratic society. It appears that the enactment of the statutes creating and empowering the Director of Environmental Protection to become a law unto himself is unconstitutional.

To summarize, the court is of the opinion that the Legislature of this state has unlawfully delegated a portion of its authority to make law to the Director of Environmental Protection; further, the "regulations" adopted by the Director under the guise of that authority are unreasonable and lack the ability to be uniformly enforced. For these and for other reasons apparent in the record, the defendant herein has not received the protection afforded to him by the Constitution of the state of Ohio and the United States Constitution with respect to due process; accordingly, the statute is unconstitutional and the motion to quash is sustained.

*Motion to quash sustained.*